

"O"

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA L. ROBINSON, O/B/O L.M.R., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. EDCV 06-1177 AN <br><br> ORDER AFFIRMING DECISION OF COMMISSIONER |

The Court now rules as follows with respect to the two disputed issues in the Joint Stipulation ("JS").[1]

By way of the first issue, Plaintiff principally contends a reversal is warranted because the Administrative Law Judge ("ALJ") "completely ignored" the opinions of two treating physicians, Drs. Devera and Galang-Feater. [JS at 3:1-5:4.] However, the Court finds Plaintiff's first contention lacks merit for the reasons stated by the Commissioner at pages 5:5-7:8. of the JS. The record establishes that the ALJ expressly considered the letter reports of Drs. Devera and Galang-Feater. [AR 13 & 15.]  Further, both letter

---

[1] Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed the JS and seek a dispositive order regarding the disputed issues set forth in the JS. The Court's decision is based upon the pleadings, the Administrative Record ("AR"), and the JS.

reports were brief, conclusory, and expressed opinions regarding the severity of claimant's symptoms and limitations that were principally based upon claimant's own accounts. Further, the ALJ's decision reflects that he discounted these opinions because they were inconsistent with Plaintiff's school records and other objective medical evidence. By doing so, the ALJ gave specific and legitimate reasons supported by substantial evidence in the record for disregarding the brief and conclusory opinions expressed by Plaintiff's aforementioned treating physicians. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) ("A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of [her] symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'"); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (an ALJ is not required to accept a treating physician's opinion that is "brief and conclusionary in form with little in the way of clinical findings to support [its] conclusion.").

By way of the second issue, Plaintiff principally contends a reversal is warranted because the ALJ failed to give proper reasons for finding the testimony given by Plaintiff's mother about the severity of his symptoms was not credible. However, for the reasons stated by the Commissioner at pages 9:27-11:12 of the JS, the Court finds the ALJ gave clear and convincing reasons for discrediting this lay person testimony that was supported by substantial evidence in the record. Consequently, the ALJ went beyond what he was required to do given that he was legally only required to give germane reasons for rejecting such lay testimony. *See Dodrill v Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) (holding that, if an ALJ wishes to discount lay witness testimony, the ALJ is only required to give reasons that are germane to each witness.)

IT IS THEREFORE ORDERED that judgment be entered affirming the Commissioner's final decision, and dismissing this action with prejudice.

DATED: August 21, 2007

ARTHUR NAKAZATO
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE